**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:12-cv-300-RJC**

| | | |
|---|---|---|
| SHAWN D. CORPENING-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALVIN W. KELLER, et al., | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus,
filed under 28 U.S.C. § 2254, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma
Pauperis, (Doc. No. 2). For the reasons that follow, the Court finds that this is an unauthorized,
successive petition, and the Court therefore dismisses the petition.

First, as for Petitioner's Motion to Proceed in Forma Pauperis, the filing fee for a § 2254
petition is $5.00. Petitioner has attached his Inmate Trust Fund Account Statement, which states
that as of September 17, 2012, Petitioner had a balance of $0.00. (Doc. No. 1-1 at 1). The Court
finds that Petitioner has insufficient funds in which to pay the filing fee, and the Court will
therefore grant the motion to proceed in forma pauperis for the limited purpose of this review.

Petitioner filed the instant Petition for Writ of Habeas Corpus on September 25, 2012,
challenging the constitutionality of his custody on a state court conviction entered on January 9,
2008, in Cases 06crs63675 and 07crs6679, in Buncombe County Superior Court. Petitioner filed
a previous § 2254 petition challenging the constitutionality of his custody on the same state court
conviction on October 28, 2010, and this Court dismissed the petition on August 2, 2011.
(1:10cv255, Doc. Nos. 1; 9). Thus, this is the second § 2254 petition filed by Petitioner

challenging the same state court conviction.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2254. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 152 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

**IT IS, THEREFORE, ORDERED** that

1.     Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2.     Petitioner's § 2254 petition is **DISMISSED** as a second or successive petition.

3.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: October 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge